UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER M BERNEGGER,

    Plaintiff,

v.                                           Case No. 14-C-1056

BUREAU OF PRISONS,

    Defendant.

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Peter M. Bernegger has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or, in the alternative, a writ audita querela, seeking his immediate release from his confinement at the Brown County Jail, a designated federal residential reentry center, resulting from his conviction for multiple unspecified crimes in the United States District Court for the Northern District of Mississippi. Bernegger seeks to vacate the Judgments of Conviction and sentence or, in the alternative, to stay both pending an evidentiary hearing. He has also filed motions to enlarge the record, for release of grand jury transcripts, and an emergency motion for immediate release. Bernegger's fifty-one page motion, which purports to incorporate all of the affidavits and exhibits filed in his petition to vacate his conviction pursuant to 28 U.S.C. § 2255, which is pending in the Northern District of Mississippi, is difficult to follow. It is essentially a diatribe against all of the individuals, i.e., prosecutors, witnesses, law enforcement officers, judge, involved in his trail and conviction.

Rather than take the time and effort to read through and attempt to decipher his lengthy and largely incoherent diatribe, Bernegger's petition will be dismissed with leave to file an amended petition within twenty-one days of this order in a form that complies with Rule 8(a) of the Federal Rules of Civil Procedure. This rule requires that a pleading that states a claim for relief must include:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). In the context of this action for habeas relief, Bernegger must state clearly the cause of his current confinement, including the court of conviction, the number and nature of the counts on which he was found guilty, the length of his sentence, whether he appealed and, if so, the claims he raised and the result of his appeal. He must also include the date he filed his petition to vacate his conviction under § 2255 with the district court of conviction and indicate the grounds he raised in that petition as well. **The Clerk is directed to provide Bernegger with a form for state prisoners seeking habeas relief under § 2254 cases which he may use as a guide**.

Bernegger is advised that "[f]ederal prisoners who seek to bring collateral attacks on their convictions or sentences must ordinarily bring an action under 28 U.S.C. § 2255, 'the federal prisoner's substitute for habeas corpus'" *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013)(*quoting Brown v Rios*, 696 F.3d 638, 640 (7th Cir. 2012). Indeed, § 2255 explicitly provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

2

sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). This does not mean that a federal prisoner may never proceed under § 2241, but the circumstances where he can are limited. A federal prisoner may petition under § 2241 when the following three conditions are met:

> First, the prisoner must show that he relies on a statutory-interpretation case rather than a constitutional case. Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. The third condition is that the sentence enhancement have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding.

*Brown v. Caraway*, 719 F.3d at 586 (internal citations and quotations omitted). For Bernegger to proceed under § 2241, he must allege how his case fits this narrow exception.

IT IS HEREBY ORDERED that Bernegger's petition is dismissed with leave to file an amended petition within 21 days of this order. Failure to file an amended petition by September 26, 2014 will result in dismissal of this action with prejudice.

Dated this  5th  day of September, 2014.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court